# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

MARIAN BLOCKER,

      Plaintiff,

vs.                                    CASE NO.: 3:17-CV-649-MCR-CJK

TRUGREEN LIMITED
PARTNERSHIP,

      Defendant.
_____/

## NOTICE OF FILING

**COMES NOW, MARIAN BLOCKER,** by and through the undersigned counsel and files Notice of Filing Executed Settlement Agreement [Doc. 14] in the above-referenced matter on this date, June 21, 2018.

                                            Respectfully submitted by,

                                            /s/ Jeremiah J. Talbott_____
                                            JEREMIAH J. TALBOTT
                                            Fla. Bar No. 0154784
                                            Law Offices of Jeremiah J. Talbott, P.A.
                                            900 East Moreno Street
                                            Pensacola, Fla. 32503
                                            (850) 437-9600
                                            (850) 437-0906 (facsimile)
                                            civilfiling@talbottlawfirm.com
                                            *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF to Attorney for Defendant(s) on this date, June 21, 2018.

/s/ Jeremiah J. Talbott
JEREMIAH J. TALBOTT, ESQ. (FBN: 0154784)

## SERVICE LIST

Chris A. Powell IV, Esq.
Littler Mendeslon, PC
420 20th Street North, Suite 2300
Birmingham, AL 32503
cpowell@littler.com

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement"), is made and entered into by you, **Marian Blocker**, on behalf of yourself, your heirs, executors, administrators, successors and assigns (collectively referred to as "you") and TruGreen Limited Partnership, on behalf of itself, its subsidiaries, parents, affiliates, related companies, predecessors (including but not limited to The ServiceMaster Company), successors (including but not limited to Outdoor Home Services Holdings LLC), assigns, and their respective officers, directors, employees, insurers, stockholders, and agents (collectively referred to as "Company" or "TruGreen").

**WHEREAS**, you, through legal counsel, filed a civil complaint titled "MARIAN BLOCKER, Plaintiff, vs. TRUGREEN LIMITED PARNTERSHIP, Defendants [sic]," numbered 3:17-cv-00649-MCR-CJ in the United States District Court for the Northern District of Florida (the "Complaint"), alleging violation of the Fair Labor Standards Act, which is now pending before the American Arbitration Association, case number Case 01-18-0000-8735;

**WHEREAS**, the Company has asserted defenses to the claims alleged in the Complaint and expressly deny the claims asserted against it and any and all liability arising out of the conduct alleged against Company;

**WHEREAS**, there exists a bona fide dispute between you and the Company with respect to the issues raised in the Complaint;

**WHEREAS**, this Agreement is subject to and conditioned upon approval by the Court and the other conditions specified herein; and

**WHEREAS**, the parties desire to resolve the issues that were or could have been embodied in the Complaint relating to the payment or non-payment of wages (including overtime, minimum wage, and commissions) arising out of your employment with the Company or any of the Released Parties (as defined herein).

Therefore, in consideration of the mutual covenants in this Agreement, the parties hereby agree as follows:

1. Your Settlement Benefits:

In exchange for your promises as set forth in this Agreement, TruGreen agrees to pay you the gross amount of Eleven Thousand Dollars and No Cents ($11,000.00) ("Settlement Pay"). This is the total amount of Settlement Pay due under this Agreement and you will not be paid any other sums except as specified herein. The Company will cause the Settlement Pay to be paid in the three (3) payments listed below.

    a. Contingent with Court approval of the settlement, such payment will be delivered to you and your attorney as follows:

        i. A check in the amount of One Thousand Six Hundred Twenty-Five Dollars and No Cents ($1,625.00), made payable to Marian Blocker, less all applicable taxes and withholdings. This payment represents the settlement of all claims for alleged unpaid wages. The Company will issue an IRS Form W-2 to you for this portion of the Settlement Pay;

        ii. A check in the amount of One Thousand Six Hundred Twenty-Five Dollars and No Cents ($1,625.00), made payable to Marian Blocker, for alleged liquidated damages. The Company will issue an IRS Form 1099 for this payment;

        iii. The Company shall cause to be paid to your counsel, Jeremiah J. Talbott, Law Office of Jeremiah J. Talbott, P.A., 900 E. Moreno Street, Pensacola, FL 32503, the gross sum of Seven Thousand Seven Hundred Fifty Dollars and No Cents ($7,750), for attorneys' fees and costs. The Company will issue an IRS Form 1099 for this payment;

    b. The payout will be made only if you execute this Agreement and fulfill the covenants herein, all within the time periods as provided herein. This payment is made in recognition of your obligations as set forth herein.

c. The payments set forth in this Paragraph 1 will be by the first regular payroll date that is at least ten (10) days after the Effective Date of this Agreement and will be either direct deposited to your bank account (for the payment made in Paragraph 1(a)(i) or mailed to your attorney by overnight mail via non-USPS courier with a tracking number (for the payments in Paragraph 1(a)(ii) and 1(a)(iii)). The Effective Date of this Agreement shall be the date that is the later of (1) the date the Court enters the Approval and Dismissal Order (as defined in Paragraph 5); and (2) the date that you and your counsel have each provided W9 forms.

d. No payment may be made early, deferred or accelerated.

2. *Attorneys' Fees and Costs.* You acknowledge and agree that, with the exception of the payment referenced in Paragraph 1(a)(iii), you shall be solely responsible for your own attorneys' fees, expenses, and costs in connection with the Complaint. Under no circumstances shall you be deemed a "prevailing party" for purposes of an award of attorneys' fees or costs.

3. *No Effect on Other Benefits.* The payments in Paragraph 1 above will not create any credit or otherwise affect the calculation of benefits provided under any benefit or compensation plan or program provided by the Company (such as 401(k), pension, bonus, severance, or deferred compensation plans), and no payment made pursuant to this Agreement will be compensation for purposes of such plans/programs, require any contribution or award under such plans/programs, or otherwise require or modify coverage, contributions, or benefits under such plans/programs, and you will be deemed to have waived all such benefit or compensation plan or program claims, whether known or unknown by you, as part of your release of claims under this Agreement.

4. *Waiver and Release of Claims.* For and in consideration of the payments, promises, and other consideration described in this Agreement, you, individually and on behalf of yourself and your agents, personal representatives, executors, administrators, heirs, beneficiaries, successors, and assigns, hereby releases and covenants not to sue the Released Parties (as defined below) with respect to any and all claims or causes of action related to the payment or non-payment of wages (including overtime, minimum wage, and commissions), including but not limited to claims that were pled in the Complaint and/or reasonably related to claims that were pled in the Complaint. This release and covenant not to sue specifically includes a release of all claims and damages arising under the FLSA and any other state or local wage and hour statute or regulation. For purposes of this Agreement, "Released Parties" means (i) the Company; (ii) any of its past, present, and/or future parents, owners, members, shareholders, subsidiaries, divisions, affiliates, successors, assigns, and predecessors, and (iii) any past, present, and/or future directors, officers, shareholders, insurers, employees, lawyers, agents, and/or employee benefit or welfare programs or plans of any entity in parts (i) or (ii) of this definition. The parties expressly agree that this Agreement does not resolve your pending administrative complaint filed with the Florida Commission on Human Rights numbered 201701565 and jointly filed with the Equal Employment Opportunity Commission, numbered 15D201700937, your pending workers' compensation claim numbered 009040-002732-WC-01, or any other claims aside from the above-referenced wage and hour claims. You have not resigned as part of this Agreement.

5. *Dismissal With Prejudice.* For and in consideration of the payments, promises, and other consideration described in this Agreement, you agree to dismiss with prejudice all of your claims in the Complaint, and you authorize your attorney to take all steps necessary to obtain this dismissal. Within a reasonable time after the full execution of this Agreement, your attorney shall file with the Court a motion and supporting memorandum seeking entry of an order approving this Agreement and dismissing the Complaint with prejudice ("the Approval and Dismissal Order"). Your counsel will afford the Company's counsel a reasonable time to review and offer revisions to the motion and supporting memorandum prior to their filing. If necessary, the parties will appear before the Court for a hearing related to any of the issues raised by the motion. You agree and understand that the Court's entry of the Approval and Dismissal Order is a condition precedent to any obligations of the Company to provide the payments described above in Paragraph 1. If the Court declines to grant approval of this Agreement, the Agreement will be null and void and you and the Company shall return to the status quo ante. You further agree not to reinstate any claims in the Complaint or to file, join, opt-in to, or otherwise participate in any other lawsuits, claims, charges, or complaints against the Released Parties based upon, arising from, or in any way related to any matter, act, omission, transaction, occurrence, or event that has occurred or is alleged to have occurred up to the date of this Agreement relating unpaid

2

overtime and minimum wage compensation, including but not limited to claims which were pled in the Complaint and/or reasonably related to claims that were pled in the Complaint.

6. <u>Other Uses of Settlement Information</u>. You agree that should you or your attorney submit a "trial reports," "settlement reports," or other similar statement regarding this settlement, such statement or report shall not disclose the identity of the parties nor shall it provide any identifying information about the parties (i.e., "a lawn service provider").

7. <u>Acknowledgements</u>. You acknowledge that you have been given a reasonable period of time to consider this Agreement, that you have reviewed this Agreement with your attorney, and that you have obtained all advice and counsel that you need to understand all terms and conditions of this Agreement.

8. <u>Assignment</u>. You agree that the rights and benefits provided to you under this Agreement are personal to you and no such right or benefit will be subject to alienation, assignment or transfer except as required by law; provided, however, that nothing in this paragraph will preclude you from designating a beneficiary or beneficiaries to receive any benefit payable on your death. You represent that you have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claims or any portion thereof or interest therein that you have or may have against the Releasees.

9. <u>Severability</u>. You and TruGreen agree that to the extent that any portion of this Agreement may be held to be invalid or legally unenforceable, the remaining portions will not be affected and will be given full force and effect.

10. <u>Arbitration</u>. Any dispute or controversy between you and TruGreen, whether arising out of or relating to this Agreement, the breach of this Agreement, or otherwise, shall be subject to the TruGreen *We Listen* Dispute Resolution Plan in effect on the Effective Date of this Agreement, which provides the mandatory and exclusive remedy and procedure for disputes between you and TruGreen.

11. <u>No Waiver by Selective Enforcement</u>. The failure to enforce at any time any of the provisions of this Agreement, or to require at any time performance by the other party of any of the provisions hereof, will in no way be construed to be a waiver of such provisions or to affect either the validity of this Agreement or any part hereof or the right of either party thereafter to enforce each and every provision in accordance with the terms of this Agreement.

12. <u>Notices</u>. All notices required hereunder will be in writing and will be deemed given upon receipt if delivered personally (receipt of which is confirmed) or by courier service promising overnight delivery (with delivery confirmed the next day) or three (3) business days after deposit in the U.S. Mail, certified with return receipt requested. All notices will be addressed as follows: You, via your attorney, Jeremiah J. Talbott, Law Office of Jeremiah J. Talbott, P.A., 900 E. Moreno Street, Pensacola, FL 32503. If to TruGreen, Attention Associate General Counsel, Labor & Employment, 1790 Kirby Parkway, Suite 300, Memphis TN 38138, or such other address as the parties provide in writing.

13. <u>Governing Law; Validity</u>. The interpretation, construction and performance of this Agreement shall be governed by and construed and enforced in accordance with the internal laws of the State of Florida without regard to the principle of conflicts of laws.

14. <u>Income Taxation</u>. You understand that the Company has not provided any advice regarding the tax liability resulting from this Agreement and you shall not rely upon any representations or policies of the Company related to taxation. You are advised to seek the advice of your own personal tax advisor or counsel as to the taxability of the Settlement Pay. TruGreen specifically disclaims that it has responsibility for the proper calculation or payment of any taxes which may be due other than for standard statutory withholding.

15. <u>Entire Agreement</u>. You and TruGreen agree that this Agreement constitutes the complete understanding between you and TruGreen regarding the matters herein and that no other promises or agreements,

express or implied, will be binding between you and TruGreen unless signed in writing by you and TruGreen. This Agreement fully supersedes and replaces any and all prior agreements or understandings, if any, between you and TruGreen on any matter that is addressed in this Agreement with the exception of confidentiality/non-solicitation/non-compete issues.

16. <u>Acknowledgements</u>. You further agree that:

- You have read this Agreement and understands all of its terms;

- The Agreement is written in a manner you understand;

- You are entering into this Agreement knowingly, voluntarily and with full knowledge of its significance;

- You have been advised and are again hereby advised to consult an attorney of your choice regarding this Agreement;

- The promises contained in this Agreement are consideration for your signing this Agreement and represent monetary payments that you are not otherwise entitled to receive from Company.

17. <u>Counterparts</u>. This Agreement may be executed simultaneously in two (2) counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

HAVING ELECTED TO SIGN THIS *AGREEMENT*, TO FULFILL THE PROMISES AND TO RECEIVE THE SETTLEMENT BENEFITS IN PARAGRAPH 1 ABOVE, ASSOCIATE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND AFTER BEING ADVISED TO SEEK ASSISTANCE OF LEGAL COUNSEL, ENTERS INTO THIS AGREEMENT.

*SIGNED:*

_____  
Marian Blocker

Date: 5/7/18

_____  
Jennifer L. Futch  
Associate General Counsel  
TruGreen Limited Partnership

Date: 5/7/18

If your address has changed, please CLEARLY PRINT the new address in the lines below to ensure your check is sent to the new address:

Marian Blocker  
10080 Hillview Dr Apt 465A  
Pensacola, FL 32514

*Please note that you must change your address in *myHR* if your address has changed. You can do so by calling the *myHR* hotline at 1-877-282-6372.